(27 Misc. Rep. 268.)

### TOWNSEND v. TOWNSEND et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. WILLS—POWER OF APPOINTMENT—EXERCISE.

Where a husband, by will, gives all his estate to his wife for life, with power to give such portion thereof as shall remain at her death to their children, in such proportions as she may choose, the children each take a vested remainder in proportions subject to be fixed by the mother, who cannot bequeath a deceased son's portion in trust partly for the latter's widow and partly for his son.

2. SAME.

Where the exercise of the power under the will was void, the vested interest of the deceased son passed to his widow under his will.

Action by Arthur R. Townsend, individually and as executor of the will of Eliza A. Townsend, deceased, against Edward T. Townsend and others, for construction of the will.

Wilson W. Thompson, for plaintiff.

Ambrose F. McCabe, for defendant Sarah M. Gilbert.

Lyman A. Spaulding (Charles F. Brown, of counsel), for defendant Edward T. Townsend.

BEACH, J. In the disposition of the question presented, it is well to consider, first, the provisions of the will of Jacob S. Townsend, who died in the city of New York on May 3, 1878, where he had long resided, leaving, him surviving, a widow, Eliza A., and four children. One of these provisions reads as follows: "I give and bequeath to my beloved wife, the said Eliza A. Townsend, all my real and personal estate, of every nature and description whatsoever, during her natural life." Another provision in said will is in these words: "I hereby authorize and empower my said wife, by her last will and testament, to give and bequeath all or any part of my estate, which may remain at her death, to our children,

Mary, Edward J., Ida R., and Arthur R., in such shares or proportions as she, in her discretion, shall think fit." The testator gave to his widow a life estate, and his four children each took a vested remainder, subject to be fixed, as to proportions, by a valid exercise by the widow of the power of appointment. The widow, Eliza A. Townsend, died a resident of the city of New York, January 23, 1898. She left a last will, in exercise of the power of appointment, the pertinent provision reading as follows: "I give and bequeath an equal one-fourth part, portion, and share of my estate, real and personal, to my son-in-law Samuel A. Swart, in trust, nevertheless, to invest and reinvest the same in safe and secure investments, and out of the net income and profits received pay an equal one-third part thereof to Sarah U. Townsend, widow of my deceased son, Edward J. Townsend, for her use, maintenance, and support as long as she shall remain unmarried, and during the same time to pay the remaining two-thirds of said net income and profits to my grandson Edward T. Townsend, for his sole use, education, maintenance, and support." There are other provisions regulating this trust, needless to specify. The trust was created because the son of testatrix, Edward J. Townsend, died before his mother, and on June 8, 1888, leaving, him surviving, Sarah U. Townsend, his widow, and a son, Edward T. Townsend. By his last will he bequeathed and devised all his property to his wife. The widow bequeathed and devised the other three-fourths of the estate to her other three children, in equal portions. In the exercise of her power of appointment, she was without authority to create the trust, diverting a part of the income to Edward T. Townsend, and, under circumstances, the whole one-fourth of the principal. This was an invalid exercise of the power. Austin v. Oakes, 117 N. Y. 577, 23 N. Y. Supp. 193. Because of such invalidity, that one-fourth portion passed absolutely, under the will of Edward J. Townsend, to his widow, Sarah U. Townsend. His vested remainder, under his father's will, became fixed at one-fourth, by the terms of his mother's will; the plain intent being to divide the estate in such proportions. There being no question raised affecting the validity of the mortgage, it will be treated as though it had been an existent lien at the death of the original testator. A decree is ordered to conform with the conclusions expressed.

Ordered accordingly